UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KEITH CONFUSIONE and RANDOLPH BRANNIGAN,
on behalf of themselves and all others similarly situated,

                      Plaintiff,                              **COMPLAINT**

   -against-

AUTOZONERS, LLC,                                    *Class Action*
                      Defendant.                         *Jury Trial Demanded*
-----------------------------------------------------------------------X

Plaintiffs, Keith Confusione and Randolph Brannigan ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, AutoZoners, LLC ("Defendant" or "AutoZone"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs brings this action on behalf of themselves and similarly situated current and former employees of Defendant who worked for AutoZone in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 and § 195(1) ("New York Labor Law").

2. Plaintiffs seek injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

3. AutoZone is the nation's leading retailer and a leading distributor of automotive replacement parts and accessories.

4. In fiscal year 2020, AutoZone reached a record $12.6 billion in sales.

5. As of August 29, 2020, AutoZone operated approximately 204 retail stores in the State of New York.

1

6. As of August 29, 2020, AutoZone employed approximately 100,000 persons. About 91 percent of Defendant's employees were employed in AutoZone stores or in direct field supervision.

7. At all relevant times, Defendant compensated Plaintiffs and all other hourly-paid employees who worked as retail-sales clerks, delivery drivers maintenance technicians in the State of New York on a bi-weekly basis in violation of New York Labor Law, Article 6, §§ 191.

8. Defendant failed to properly pay Plaintiffs and other hourly-paid Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Defendant failed to provide timely wages to Plaintiff and all other similar Manual Workers.

9. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

10. Store managers, and others with executive positions, who are paid fixed salaries, are not members of the classes that Plaintiffs seek to represent in this action.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). This is a putative class action in which there are 100 or more members in the proposed class, any member of the proposed class is a citizen of a state and any defendant is a citizen of a different state, and the amount in controversy exceeds the sum of $5,000,000.00 in the aggregate.

12. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Plaintiffs suffered the losses at issue in this

District. Defendant operates more than 50 stores within this District, including stores located in Baldwin, Bay Shore, Bellmore, Bethpage, Bohemia, Brentwood, Brooklyn, Central Islip, Commack, Copiague, East Meadow, East Patchogue, Elmont, Flushing, Hauppauge, Hempstead, Howard Beach, Huntington Station, Jackson Heights, Jamaica, Levittown, Massapequa, Mastic, Medford, Middle Island, North Babylon, Port Jefferson Station, Queens Village, Ridgewood, Riverhead, Selden, Shirley, South Ozone Park, Staten Island, and Uniondale.

## PARTIES

13. Plaintiff, Keith Confusione, is a resident of the State of New York.

14. Plaintiff, Randolph Brannigan, is a resident of the State of New York.

15. Defendant is a Nevada corporation with its principal place of business in Memphis, Tennessee. The sole member of Defendant, AutoZoners, LLC, is AutoZone Stores, Inc., a Nevada corporation with its principal place of business in Memphis, Tennessee.

16. At all times relevant, Plaintiff, Keith Confusione, was an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of Labor Law § 190(4).

17. At all times relevant, Plaintiff, Randolph Brannigan, was an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of Labor Law § 190(4).

18. At all times relevant, Defendant was an "employer" within the meaning of Labor Law § 190(3).

## FACTUAL ALLEGATIONS

19. Autozoners, LLC, is the employer of personnel who work at AutoZone Stores.

20. Plaintiff, Keith Confusione, was employed by Defendant as an hourly-paid, manual worker who worked as a retail sales clerk at Defendant's store located in Central Islip from in or about September 2014 to on or about February 8, 2020.

21. Plaintiff Confusione's job duties included retrieving auto parts for customers; assisting customers with the installation of wipers blades, batteries and light bulbs; operating the cash register; stocking shelves; merchandising; sweeping and mopping the store; wiping the service counter; and conducting inventory.

22. Plaintiff, Randolph Brannigan, was employed by Defendant as an hourly-paid, manual worker who worked as a sales clerk at AutoZone from in or about June 2019 to in or about February, 2020.

23   Plaintiff Brannigan's job duties included retrieving auto parts for customers; assisting customers with the installation of wipers blades, batteries and light bulbs; operating the cash register; unloading pallets; stocking shelves; merchandising; sweeping and mopping the store; wiping the service counter; and conducting inventory.

24. Defendant failed to pay Plaintiff and similarly situated persons who have worked in hourly-paid positions as sales clerks, delivery drivers and maintenance technicians in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191. Instead, Defendant paid Plaintiff and similarly situated persons who have worked in hourly-paid positions as sales clerks, delivery drivers and maintenance technicians on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

25. Defendant failed to provide Plaintiffs with notice of their wage rate and the basis of pay upon hire as required by New York Labor Law § 195(1).

4

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

26.     Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in hourly-paid positions such as retail-sales clerks, delivery drivers and maintenance technicians in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

27.     Upon information and belief, Defendant employed persons who worked in various positions including, but not limited to, persons who worked as retail-sales clerks, delivery drivers, and maintenance technicians. Delivery drivers drive delivery vehicles to transport parts to commercial customers, including the loading and unloading of parts. Maintenance technicians perform building and ground maintenance and repairs at AutoZone stores.

28.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 1,000 of Class Members who have worked for Defendant in hourly-paid positions such as retail-sales clerks, delivery drivers and maintenance technicians in the State of New York at any time during the six (6) years prior to the filing of this Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

29.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that

number rests presently within the sole control of Defendant, upon information and belief there are over 1,000 individuals who are currently, or have been, employed by Defendant in hourly paid retail sales, delivery driver and maintenance technician positions at any time during the six (6) years prior to the filing of this Complaint.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

31. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

32. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

33. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

35. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

36. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

37. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

38. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class

actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

39. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

40. Plaintiffs and Class Members are manual workers as defined by the New York Labor Law.

41. Defendant was required to pay the Plaintiffs and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

42. Defendant failed to pay Plaintiffs and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

43. Plaintiffs and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

44. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

45. Defendant failed to provide Plaintiffs and Class Members a notice at the time of hire that states their regular hourly wage rate, overtime rate of pay, basis of pay, and other information required by NYLL § 195(1).

46. Defendant is liable to Plaintiffs and Class Members for statutory damages pursuant to NYLL § 198.

8

## JURY TRIAL DEMANDED

47. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

48. Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.) Designation of Plaintiffs as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL §198;

(v.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.) Pre-judgment and post-judgment interest as permitted by law; and

(vii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 2, 2021

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
_____
Peter A. Romero, Esq.
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*

9