UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KEITH CONFUSIONE, RANDOLPH BRANNIGAN,
and NEIL HYNEMAN,

                                        Plaintiffs,

     -against-

AUTOZONERS, LLC,

                                        Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-00001 (JMA) (AYS)

**FILED**
**CLERK**

12:11 pm, Dec 12, 2022

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (ECF Nos. 34, 42), is denied.

First, the Court finds that Plaintiffs have clearly established Article III standing. In their Second Amended Complaint, ("SAC", ECF No. 32), Plaintiffs allege that Defendant "failed to provide timely wages to Plaintiffs and all other similar manual workers," as required by New York Labor Law § 191 ("Section 191"), and in doing so deprived Plaintiffs of "the time value of money." (SAC ¶¶ 8, 34.) The late payment of wages is a harm sufficiently concrete to satisfy Article III's injury-in-fact requirement. That is because "[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money. That injury is especially acute for those workers who are generally dependent upon their wages for sustenance." Jones v. Nike Retail Servs., Inc., No. 22-CV-3343, 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30, 2022) (quoting Caul v. Petco Animal Supplies, Inc., No. 20-CV-3534, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021)). In so holding, this Court joins a number of other courts within this Circuit that have considered and rejected Defendant's arguments to the contrary. See Levy v. Endeavor Air, Inc., No. 21-CV-4387, 2022 WL 16645829, at *3–4 (E.D.N.Y. Nov. 1, 2022); Gordon v. Bluetriton Brands, Inc., No. 22-CV-2138 (S.D.N.Y. Oct. 20, 2022); Jones, 2022 WL 4007056, at *1; Gillett

v. Zara USA, Inc., No. 20-CV-3734, 2022 WL 3285275, at *5–7 (S.D.N.Y. Aug. 10, 2022); Caul, 2021 WL 4407856, at *4. Moreover, Plaintiffs allege not only that they lost "the time value of money," (SAC ¶ 34), but also that they suffered significant, specific injuries as a result of Defendant's pay practices. (Id. ¶¶ 30–39.) This is above and beyond what Supreme Court and Second Circuit precedent require to establish Article III standing. See Levy, 2022 WL 16645829, at *4 ("Plaintiffs need not . . . spell out how the time value of money, as an economic theory, applies to their case."); Gillett, 2022 WL 3285275, at *6–7.

Defendant's reliance on Rosario v. Icon Burger Acquisition LLC, No. 21-CV-4313, 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022), is unavailing. The Rosario plaintiffs' "barebones" complaint alleged only that "Defendant failed to pay Plaintiff and the Class on a timely basis as required by the NYLL." Id. at *3. In contrast, as explained above, the SAC's allegations demonstrate that Plaintiffs were deprived of the time value of the money and suffered real-world, concrete injuries. Thus, Plaintiffs have suffered an injury-in-fact for which they have standing to seek redress in federal court. Defendant's motion to dismiss under Rule 12(b)(1) is denied.[1]

Second, the Court rejects Defendant's argument that there is no private right of action to enforce Section 191. Defendant acknowledges the holding of the First Department of the Appellate Division in Vega v. CM & Assocs. Constr. Mgmt., LLC, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), that the New York Labor Law creates a private right of action to enforce Section 191. Defendant nonetheless argues that Vega was wrongly decided and that the caselaw interpreting Section 191 remains "unsettled." However, Defendant cannot dispute that, "since Vega, every court in this Circuit to consider that decision has followed its construction of the New York Labor Law." Levy, 2022 WL 16645829, at *5 (collecting cases). Indeed, Defendant fails to present any

---

[1] At the pre-motion conference held on November 8, 2022, Plaintiffs consented to the dismissal of their claims brought pursuant to New York Labor Law § 195. Accordingly, those claims are dismissed.

"persuasive evidence that the state's highest court would reach a different conclusion" than the First Department did in Vega. V.S. v. Muhammad, 595 F.3d 426, 432 (2d Cir. 2010). As a result, the Court "is 'bound to apply the law as interpreted by' the intermediate appellate court.'" Gillett, 2022 WL 3285275, at *11 (quoting Muhammad, 595 F.3d at 432). Accordingly, the Court concludes that the New York Labor Law provides a private right of action to enforce the late payment of wages. Defendant's motion to dismiss under Rule 12(b)(6) is, therefore, denied.

Separately, Defendant maintains that the Court erred in lifting the discovery stay at the pre-motion conference held on November 8, 2022. In evaluating whether a stay of discovery is appropriate, courts consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc., No. 19-CV-6070, 2022 WL 4072683, at *3 (E.D.N.Y. Sept. 2, 2022) (citation omitted). Having considered the above factors, the Court again concludes that a stay is unwarranted. See Jones, 2022 WL 4007056, at *1 (denying discovery stay along with defendant's motion to dismiss Section 191 claim).

For the reasons stated above, Defendant's motion to dismiss is denied in its entirety and the case will proceed to discovery.

**SO ORDERED.**

Dated: December 12, 2022
Central Islip, New York

                                                  /s/   (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE